FILED IN OPEN COURT

9/2/2020

CLERK, U S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:19-cr-109-J-34JRK

RONALD LEON BRONNER

### PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Maria Chapa Lopez, United States Attorney for the Middle District of Florida, and the defendant, RONALD LEON BRONNER, and the attorney for the defendant, JAMES GLOBER, Esquire, mutually agree as follows:

**A.    Particularized Terms**

1.    Count(s) Pleading To

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with possession with intent to distribute a mixture and substance containing a detectable amount of cocaine base, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

Defendant's Initials _RB_                      AF Approval _P3 (FSA/P3)_

2.    <u>Minimum and Maximum Penalties</u>

Pursuant to the Information to Establish Prior Conviction, Title 21, United States Code, Section 851 and the First Step Act, Docket No. 5, Count One is punishable by a mandatory minimum term of imprisonment of 10 years and a maximum sentence of life imprisonment, a fine of not more than $8,000,000 or both imprisonment and fine, a term of supervised release of at least 8 years, and a mandatory special assessment of $100, said special assessment to be due on the date of sentencing. A violation of the terms and conditions of supervised release carries a maximum sentence of not more than 5 years imprisonment as well as the possibility of an additional term of supervised release.

3.    <u>Apprendi v. New Jersey</u>

Under <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000), a minimum sentence of 10 years imprisonment up to a maximum sentence of life imprisonment may be imposed as to Count One of the Indictment because the following facts have been admitted by the defendant and are established by this plea of guilty:

a.    The violation involved 28 grams or more of cocaine base, a Schedule II controlled substance; and

Defendant's Initials _RB_                2

b.    Defendant has a prior conviction for a serious drug felony offense, to include:

- On or about March 11, 2003, in the Southern District of Georgia, in Case No. CR502-00010-001, the defendant, RONALD LEON BRONNER, was convicted of conspiracy to distribute more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846 and sentenced to 200 months imprisonment.

4.    Elements of the Offense(s)

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.

The elements of Count One are:

First:    The Defendant knowingly and intentionally possessed 28 grams or more of cocaine base, a Schedule II controlled substance; and

Second:    the Defendant possessed the cocaine base with the intent to distribute it.

5.    Counts Dismissed

At the time of sentencing, the remaining count against the defendant charged by the Indictment, Count Two, will be dismissed as to this defendant pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials _RB_    3

6.    <u>No Further Charges</u>

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

7.    <u>Acceptance of Responsibility - Three Levels</u>

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG § 3E1.1(a).  The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG § 3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.4., the United States agrees to file a motion pursuant to USSG § 3E1.1(b) for a downward adjustment of one additional level.  The

Defendant's Initials _R B_                    4

defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

8.    Cooperation - Substantial Assistance to be Considered

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require.    If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG § 5K1.1, or (2) the imposition of

Defendant's Initials _RB_                    5

a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

9.    Use of Information - Section 1B1.8

Pursuant to USSG § 1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG § B1.8(b).

Defendant's Initials _RB_                6

10. <u>Cooperation - Responsibilities of Parties</u>

a.    The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime.    However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b.    It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

(1)    The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)    The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may

Defendant's Initials _RB_                    7

either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)    The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this agreement, the United States agrees to forego, and the defendant agrees to

Defendant's Initials _RB_                    8

waive the statute of limitations and any speedy trial claims as to any such offenses.

(4)    The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5)    The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

11.    <u>Forfeiture of Assets</u>

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 21 U.S.C. 853, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture

Defendant's Initials *RB*                    9

action. The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing. To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to

Defendant's Initials _RB_                 10

consent to the release of the defendant's tax returns for the previous five years. The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States. The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing. In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance

Defendant's Initials _RB_                    11

of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B.    Standard Terms and Conditions**

1.    Restitution, Special Assessment and Fine

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that

Defendant's Initials _RB_                    12

compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing.

The defendant understands that this agreement imposes no limitation as to fine.

2. Supervised Release

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

3. Immigration Consequences of Pleading Guilty

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United

Defendant's Initials _RB___          13

States, denied citizenship, and denied admission to the United States in the future.

4.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

5.    Financial Disclosures

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his/her financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he/she has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse,

Defendant's Initials _RB_                    14

dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

6.    Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make

Defendant's Initials _RB_                    15

recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

7.    Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the

Defendant's Initials _RB_                16

sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

8.    Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    Filing of Agreement

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    Voluntariness

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the

Defendant's Initials _RB_                    17

concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be

Defendant's Initials _RB_                    18

deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

11.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty.  The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

12.   Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials _RB_                    19

13.    <u>Certification</u>

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this ___ day of _____, 2020.

MARIA CHAPA LOPEZ
United States Attorney

RONALD LEON BRONNER                    ASHLEY WASHINGTON
Defendant                              Assistant United States Attorney

JAMES GLOBER                           FRANK TALBOT
Attorney for Defendant                 Assistant United States Attorney
                                       Chief, Jacksonville Division

Defendant's Initials _____          20

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

     v.                    CASE NO. 3:19-cr-109-J-34JRK

RONALD LEON BRONNER

PERSONALIZATION OF ELEMENTS

1.        1.     On or about April 27, 2018, in the Middle District of Florida, did you knowingly and intentionally possess 28 grams ore more of cocaine base, a Schedule II controlled substance?

        2.     Did you possess the cocaine base with the intent to distribute it?

Defendant's Initials _RB_          21

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                              CASE NO. 3:19-cr-109-J-34JRK

RONALD LEON BRONNER

FACTUAL BASIS

In February 2018, the Drug Enforcement Administration (DEA) began investigating the defendant, Ronald Leon Bronner, for drug trafficking. A confidential source told the DEA about a subject named "Jabo," including addresses and phone numbers for him. The confidential source positively identified the defendant as "Jabo" after being shown an unlabeled photograph of him. DEA later learned the defendant was on federal supervised release.

During the investigation into the defendant, law enforcement learned the defendant was visiting and residing, partially, at 204 Lane Avenue South (the "204 Lane Avenue residence"). The defendant had obtained electrical power to the home in the name of A.D., a leader within his drug trafficking organization. The defendant was observed at the 204 Lane Avenue South residence on a regular basis and using a key to enter it on two different occasions. Law enforcement also observed the defendant carrying a wooden

Defendant's Initials _RB_                    22

cigar box as he traveled to and from this location. A large amount of foot traffic was also observed going into and out of the 204 Lane Avenue South residence.

On one occasion, a black male was observed entering the 204 Lane Avenue residence and departing the residence shortly thereafter. A traffic stop was initiated and the individual was identified as W.L.C. A search of the vehicle located 12 crack cocaine rocks, two small plastic bags of powder cocaine, and a marijuana cigarette/blunt. W.L.C. was arrested for possession of illegal narcotics.

The defendant traveled to and from his other residence, at 4361 Melissa Court West (the "Melissa Court residence") to the 204 Lane Avenue South residence, to resupply the narcotics sold and to pick up money from the sale of narcotics. Based on this investigation, state search warrants were obtained for the 204 Lane Avenue residence and the Melissa Court residence.

On April 27, 2018, the 204 Lane Avenue residence and the Melissa Court residence search warrants were executed. Nine people were located inside the 204 Lane Avenue South residence in addition to the defendant. A.D. was one of the nine people located inside the 204 Lane Avenue South residence. The defendant was located in the kitchen and a search of him uncovered $4,200. During the search of the residence, a wooden cigar box containing crack cocaine, heroin, and a digital weighing scale was located. This was the same

Defendant's Initials _RB_                    23

cigar box carried by the defendant that was observed by law enforcement. The box was located in the living/family room. The defendant's shoes were located on the floor next to the table that held the cigar box. Also discovered during the search of the residence were the following items:

- Small clear plastic bag in dining room containing small amount of heroin;

- six glass vials (beakers) and whisk covered in residue in kitchen; and

- Smith and Wesson 9mm handgun in upstairs bedroom.

At the Melissa Court residence, law enforcement found the following:

- mask, gloves, and other personal protective equipment;

- a narcotics packaging press:

- a hydraulic press with cocaine residue

- glass vials with cocaine residue,

- an empty bottle of supper mannitol were found (mannitol is used to cook cocaine into crack);

- four firearms (Walther Arms .38 caliber pistol, Bushmaster 5.66mm rifle, Springfield Armory 9mm pistol, and Ruger 9mm pistol); and

- a box of .38 caliber ammunition.

Defendant's Initials _ℬℛ_                    24

The defendant was arrested and transported to the DEA office, along with a leader within his drug trafficking organization, A.D.   A.D. was interviewed first and told law enforcement that the defendant provided her with $1,200 to rent the 204 Lane Avenue South residence.  She obtained utilities in her name and maintained the residence for the defendant.   She said the defendant regularly visited the residence for hours at a time and had a large number of unknown people constantly coming to the residence for short periods of time.   She said she was a heroin addict and allowed the activity to occur to have a place to live.

The defendant was later interviewed after being read his *Miranda* rights. The defendant was told that he was being arrested based on the cocaine base and heroin that had been found at the 204 Lane Avenue residence.   The defendant admitted that he owned the cigar box found at the 204 Lane Avenue residence at the time of the execution of the search warrant, but said he did not possess or sell heroin.   When he was told the box contained heroin, the defendant said he dealt in cocaine and cocaine base and continued to deny possessing the discovered heroin.   The defendant said he used personal protective equipment when handling drugs because he was on federal supervision.

Defendant's Initials _RB_                25

The cocaine base located in the cigar box was submitted to the DEA lab for analysis and confirmed to be cocaine base, totaling 31.4 grams.

Defendant's Initials _RB_                    26